IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| **VTran Media Technologies, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:08-CV-00477-BWK** |
| | § | |
| **Armstrong Utilities, Inc.,** | § | **JURY TRIAL DEMANDED** |
| **Blue Ridge Communications, Inc.,** | § | |
| **RCN Corporation, and** | § | |
| **Service Electric Television, Inc.,** | § | |
| *Defendants.* | § | |

**BLUE RIDGE CABLE TECHNOLOGIES, INC.'S
ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S ORIGINAL COMPLAINT**

**I.      ANSWER**

Blue Ridge Cable Technologies, Inc. (hereinafter "Blue Ridge") (incorrectly identified as

Blue Ridge Communications, Inc. in Plaintiff's Original Complaint), by the undersigned counsel,

hereby files its Answer and Counterclaims to Plaintiff's Original Complaint (the "Complaint").

Each of the paragraphs numbered 1-37 below corresponds to those paragraphs numbered 1-37 in

the Complaint.  Blue Ridge denies all allegations made in the Complaint, whether express or

implied, that are not specifically admitted below.

1.      Blue Ridge admits that Plaintiff purports to assert a claim for patent infringement

and purports to seek injunctive relief and monetary damages. Blue Ridge denies it infringes the

claims of U.S. Patent No. 4,890,320 ("the '320 patent") and U.S. Patent No. 4,995,078 ("the

'078 patent").  Blue Ridge is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 1, and therefore denies such allegations.

2.      Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies such allegations.

3.      Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies such allegations.

4.      With regard to the allegations of paragrah 4, Blue Ridge is without information about the existence of a company called "Blue Ridge Communications, Inc.," and therefore denies such allegations.  Blue Ridge ("Blue Ridge Cable Technologies, Inc.") is a corporation organized and existing under the laws of the state of Pennsylvania, having its corporate offices at 613 Third Street, Palmerton, Pennsylvania 18071.

5.      Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies such allegations.

6.      Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies such allegations.

7.      The allegations set forth in paragraph 7 of the Complaint assert legal conclusions to which no response is necessary.

8.      The allegations set forth in paragraph 8 of the Complaint assert legal conclusions to which no response is necessary.  However, Blue Ridge admits that this Court has personal jurisdiction over it for purposes of this action.  To the extent that any of the allegations of paragraph 8 are intended as a basis for liability as to Blue Ridge, they are denied.  Blue Ridge is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies such allegations.

9.      Blue Ridge admits that it conducts business within the Eastern District of Pennsylvania, the State of Pennsylvania and the United States.  Blue Ridge denies that it has committed patent infringement, contributed to patent infringement and/or induced others to commit patent infringement, directly or indirectly, in the Eastern District of Pennsylvania, the State of Pennsylvania, or the United States.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies such allegations.

10.     Blue Ridge admits venue is proper in the Eastern District of Pennsylvania for purposes of this action with respect to Blue Ridge.

11.     Blue Ridge asserts and reincorporates by reference its answers to paragraphs 1 through 10 herein.

12.     Blue Ridge admits that, according to the face of the '320 patent, the '320 patent is entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times" and was issued by the U.S. Patent and Trademark Office (the "Patent Office") on December 26, 1989.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and therefore denies such allegations.

13.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies such allegations.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

14.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies such allegations.

15.     Blue Ridge denies the allegations contained in paragraph 15 of the Complaint.

16.     Blue Ridge denies the allegations contained in paragraph 16 of the Complaint.

17.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies such allegations.

18.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies such allegations.

19.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies such allegations.

20.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies such allegations.

21.     Blue Ridge denies the allegations of paragraph 21 as they pertain to Blue Ridge. Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and therefore denies such allegations.

22.     Blue Ridge denies the allegations contained in paragraph 22 of the Complaint as they pertain to Blue Ridge.  Blue Ridge is without knowledge or information sufficient to form a

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

belief as to the truth of the remaining allegations of paragraph 22, and therefore denies such allegations.

23.     Blue Ridge denies the allegations contained in paragraph 23 of the Complaint as they pertain to Blue Ridge.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, and therefore denies such allegations.

24.     Blue Ridge asserts and reincorporates by reference its answers to paragraphs 1 through 23 herein.

25.     Blue Ridge admits that, according to the face of the '078 patent, the '078 patent is entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times" and was issued by the Patent Office on February 19, 1991.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint, and therefore denies such allegations.

26.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies such allegations.

27.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies such allegations.

28.     Blue Ridge denies the allegations contained in paragraph 28 of the Complaint.

29.     Blue Ridge denies the allegations contained in paragraph 29 of the Complaint.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

30.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies such allegations.

31.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies such allegations.

32.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies such allegations.

33.     Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies such allegations.

34.     Blue Ridge denies the allegations of paragraph 34 as they pertain to Blue Ridge. Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and therefore denies such allegations.

35.     Blue Ridge denies the allegations contained in paragraph 35 of the Complaint as they pertain to Blue Ridge.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and therefore denies such allegations.

36.     Blue Ridge denies the allegations contained in paragraph 36 of the Complaint as they pertain to Blue Ridge.  Blue Ridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and therefore denies such allegations.

37.     Blue Ridge admits that Plaintiff purports to demand a trial by jury on all issues.

## II.     DEFENSES

38.     Blue Ridge asserts and reincorporates by reference its answers to paragraphs 1 through 37 herein.

39.     Blue Ridge does not and has not infringed, induced infringement or contributed to the infringement of any valid and enforceable claim of the '320 patent, either literally or under the doctrine of equivalents, assuming the '320 patent contains any valid and enforceable claims.

40.     Blue Ridge does not and has not infringed, induced infringement or contributed to the infringement any valid and enforceable claim of the '078 patent, either literally or under the doctrine of equivalents, assuming the '078 patent contains any valid and enforceable claims.

41.     Plaintiff is estopped from asserting infringement of the '320 patent under the doctrine of equivalents by prosecution history estoppel and/or disclosure dedication rule.

42.     Plaintiff is estopped from asserting infringement of the '078 patent under the doctrine of equivalents by prosecution history estoppel and/or disclosure dedication rule.

43.     The claims of the '320 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, and 256.

44.     The claims of the '078 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, and 256.

45.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or unclean hands.

46.     Plaintiff's claims are limited by 35 U.S.C. § 286.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

47.     Plaintiff's claims are barred, in whole or in part by failure to comply with 35 U.S.C. § 287(a).

48.     On information and belief, Plaintiff does not have standing to bring this action.

49.     On information and belief, Plaintiff has failed to join one or more necessary parties to this action pursuant to Federal Rule of Civil Procedure 19.

50.     Plaintiff is not entitled to injunctive relief because any injury that Plaintiff purports to have suffered is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

51.     The Complaint fails to state a claim upon which relief may be granted.

### III.     INEQUITABLE CONDUCT

52.     Blue Ridge asserts and reincorporates by reference its answers to paragraphs 1 through 51 herein.

53.     The claims of the '320 and '078 patents are unenforceable because, on information and belief, the named inventors, and/or their representatives before the Patent Office, committed inequitable conduct while prosecuting the '320 and '078 patents before the Patent Office.  The conduct includes, but is not limited to:

a.     knowingly and intentionally withholding material prior art identified in an international search report;

b.     knowingly and intentionally failing to disclose in a Petition to Make Special the areas searched in conducting a prior art search;

c.     knowingly and intentionally mischaracterizing the prior art identified in the Petition to Make Special; and

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

d.      knowingly and intentionally obscuring the nature of the prior art search conducted in connection with the Petition to Make Special with intent that the Patent Office rely on it.

## IV.      COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Blue Ridge's right to plead additional counterclaims as the facts of the matter warrant, Blue Ridge hereby asserts the following counterclaims against Plaintiff.

1.      Blue Ridge is a corporation organized and existing under the laws of the state of Pennsylvania, having its corporate offices at 613 Third Street, Palmerton, Pennsylvania 18071.

2.      Plaintiff alleges that it is a limited liability company organized and existing under the laws of the state of Texas with its principal place of business at 104 E. Houston Street, Suite 140, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States and, more particularly, under 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, *et seq.*, respectively.  Jurisdiction is based on 28 U.S.C. §§ 1338 and 2201. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

4.      Plaintiff alleges that it is the owner of all right, title, and interest in the '320 patent and the '078 patent.

5.      Plaintiff has asserted claims for patent infringement against Blue Ridge and has filed this suit against Blue Ridge in this Court for such alleged infringement.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

6.      There exists an actual justiciable controversy between Blue Ridge and Plaintiff concerning the validity, enforceability, and alleged infringement of the '320 patent based upon Plaintiff's allegations of patent infringement.

7.      There exists an actual justiciable controversy between Blue Ridge and Plaintiff concerning the validity, enforceability, and alleged infringement of the '078 patent based upon Plaintiff's allegations of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '320 Patent)

8.      Blue Ridge incorporates by reference paragraphs 1-7 above as though fully repeated here.

9.      The claims of the '320 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, and 256.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '078 Patent)

10.     Blue Ridge incorporates by reference paragraphs 1-9 above as though fully repeated here.

11.     The claims of the '078 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, and 256.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – Non-Infringement of the '320 Patent)

12.     Blue Ridge incorporates by reference paragraphs 1-11 above as though fully repeated here.

13.     Blue Ridge does not and has not infringed, induced infringement or contributed to the infringement of any valid and enforceable claim of the '320 patent, either literally or under the doctrine of equivalents, assuming the '320 patent contains any valid and enforceable claims.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment – Non-Infringement of the '078 Patent)

14.     Blue Ridge incorporates by reference paragraphs 1-13 above as though fully repeated here.

15.     Blue Ridge does not and has not infringed, induced infringement or contributed to the infringement of any valid and enforceable claim of the '078 patent, either literally or under the doctrine of equivalents, assuming the '078 patent contains any valid and enforceable claims.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment – Limitation on Damages)

16.     Blue Ridge incorporates by reference paragraphs 1-15 above as though fully repeated here.

17.     Blue Ridge is immune from liability with respect to the '320 and '078 patents, in whole or in part, on account of laches, waiver, unclean hands and/or failure to mark.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment – Inequitable Conduct)

18.     Blue Ridge asserts and reincorporates by reference its answers to paragraphs 1 through 17 herein.

19.     H. Vincent Monslow and Steven R. Dickey are the named inventors of the '320 and '078 patents.

20.     The filing date of the '320 patent is June 9, 1988, and its issue date is December 26, 1989.  The filing date of the '078 patent is October 10, 1989, and its issue date is February 19, 1991.

21.     The same H. Vincent Monslow and Steven R. Dickey are named inventors on PCT patent application no. PCT/US89/02507 ("PCT application").  The PCT application was filed on June 8, 1989, claiming a priority date of June 9, 1988 based on the filing date of the '320 patent.

22.     The PCT application and the applications that ultimately matured into the '320 and '078 patents were co-pending.

23.     Steven R. Dickey was substantially responsible for prosecuting the PCT application and the patent applications that ultimately matured into the '320 and '078 patents.

24.     The PCT application has substantially the same specification and claims as the applications that matured into the '320 and '078 patents.

25.     On or about September 6, 1989, an international search report issued in connection with the PCT application and was mailed to Steven R. Dickey.  The international search report identified seven prior art references considered relevant to the prosecution of the PCT application.

26.     On information and belief, the international search report was received by Steven R. Dickey shortly after it was mailed.

27.     Steven R. Dickey was in possession of the international search report during the prosecution of the '320 and '078 patents.

28.     The Applicants failed to disclose the international search report to the Patent Office during the prosecution of the '320 and '078 patents.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

29.     The Applicants failed to disclose to the Patent Office at least three prior art references identified in the international search report.  Those references were never made of record in the prosecution histories of the '320 and '078 patents.  According to the international search report, at least one of those references was of "particular relevance."

30.     The international search report and the prior art references disclosed therein were material to the patentability of the '320 and '078 patents.

31.     On information and belief, the Applicants failure to disclose the international search report and the prior art references disclosed therein was willful and undertaken with deceptive intent.

32.     During the prosecution of the '320 patent, the Applicants submitted a Petition to Make Special ("the Petition"), which stated, among other things, that an "extensive preexamination patentability search" had been conducted in order to receive special priority from the Patent Office.  The Petition claimed to have included "all of the references brought to attention by the search."

33.     The Petition only identified U.S. Patents.  No publications other than patents were identified in the Petition.  No foreign patents were identified in the Petition.

34.     The Petition failed to specifically identify the areas of prior art searched.

35.     On information and belief, the only area of prior art searched was published U.S. patents.

36.     On information and belief, the Applicants knowingly and intentionally misrepresented the nature of the "extensive preexamination patentability search" identified in the Petition with the intent that the Patent Office rely on their misrepresentation.

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

37.     The Petition purported to identify patentable distinctions between three prior art references and the claimed invention.

38.     On information and belief, the Applicants knowingly and intentionally mischaracterized the prior art references discussed in the Petition with the intent that the Patent Office rely on their mischaracterization.

39.     On information and belief, the claims of the '320 patent are unenforceable because the Applicants committed inequitable conduct during prosecution of the application that ultimately matured in the '320 patent, for at least the reasons stated above.

40.     On information and belief, the claims of the '078 patent are unenforceable because the Applicants committed inequitable conduct during prosecution of the application that ultimately matured in the '078 patent, for at least the reasons stated above.

## V.     EXCEPTIONAL CASE

41.     This is an exceptional case under 35 U.S.C. § 285, and as such, Blue Ridge is entitled to recover from Plaintiff Blue Ridge's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Wherefore, Blue Ridge respectfully requests that the Court grant it the following relief:

(a)     an entry of judgment for Blue Ridge, dismissing Plaintiff's claims for relief in their entirety, with prejudice and costs;

(b)     a declaration that all claims of the '320 patent are invalid and/or unenforceable;

(c)     a declaration that all claims of the '078 patent are invalid and/or unenforceable;

(d)     a declaration that Blue Ridge has not and does not infringe any claim of the '320 patent, either literally or under the doctrine of equivalents;

14

(e)     a declaration that Blue Ridge is not liable for inducing or contributing to the infringement of any claim of the '320 patent, either literally or under the doctrine of equivalents;

(f)     a declaration that Blue Ridge has not and does not infringe any claim of the '078 patent, either literally or under the doctrine of equivalents;

(g)     a declaration that Blue Ridge is not liable for inducing or contributing to the infringement of any claim of the '078 patent, either literally or under the doctrine of equivalents;

(h)     a declaration that Blue Ridge is immune from liability with respect to the '320 and '078 patents, in whole or in part, on account of laches, waiver, unclean hands and/or failure to mark;

(i)     a declaration that this is an exceptional case;

(j)     an award of costs and attorney fees to Blue Ridge; and

(k)     such other and further relief as this Court deems just and proper.


Dated: April 10, 2008                              Respectfully submitted,


                                                   */s/ Craig D. Margolis*
                                                   Craig D. Margolis (PA Bar No. 90360)
                                                   VINSON & ELKINS L.L.P.
                                                   1455 Pennsylvania Avenue, N.W., Suite 600
                                                   Washington,  D.C.  20004
                                                   Tel:  (202) 639-6540
                                                   Fax:  (202) 639-6604
                                                   cmargolis@velaw.com

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

Willem G. Schuurman (TX Bar No. 17855200)
David B. Weaver (TX Bar No. 00798576)
Kristen P. Foster (TX Bar No. 24032931)
Matthew S. Wermager (TX Bar No. 24033906)
R. Floyd Walker (TX Bar No. 24044751)
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel:  (512) 542-8400
Fax:  (512) 236-3476

William B. Dawson (TX Bar No. 05606300)
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Tel:  (214) 220-7700
Fax:  (214) 999-7926

*Counsel for Blue Ridge Cable Technologies, Inc.*

Blue Ridge Cable Technologies, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of April, 2008, the foregoing document was served via the methods indicated:

Wayne R. Spivey
Shrager, Spivey & Sachs
Two Commerce Square
2001 Market Street, 32nd Floor             Electronic Mail via ECF System
Philadelphia, PA 19103
wspivey@shragerlaw.com
*Counsel for VTran Media Technologies, LLC*


Jeffrey S. Edwards
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808               Electronic Mail via ECF System
Jeffrey.edwards@dechert.com
*Counsel for RCN Corporation*


Matthew M. Ryan
Duane Morris LLP
30 South 17th Street                      Electronic Mail via ECF System
Philadelphia, PA 19103
mmryan@duanemorris.com
*Counsel for Service Electric Television, Inc.*


                                          */s/ Craig D. Margolis*
                                            Craig D. Margolis